IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Guardian Tax SC, LLC,<br><br>                                 Plaintiff,<br><br>v.<br><br>Ralph Day a/k/a Ralph M. Day, Sr.; Virginia Day a/k/a Virginia D. Day; The Bank of New York, as Trustee for CWHEQ Revolving Home Equity Loan Trust, Series 2007-A; United States of America, by and through its agency, The Internal Revenue Service; Charleston County, South Carolina; and Daniel M. Gregory, in his official capacity as the Charleston County Delinquent Tax Collector,<br><br>                                 Defendants. | Civil Action No.  2:18-cv-01686-BHH<br><br><br>**<u>ORDER and JUDGMENT</u>** |

This matter is before the Court on Plaintiff Guardian Tax SC, LLC's ("Plaintiff" or "Guardian") consent motion to reconsider or clarify (ECF No. 96) the Court's prior order (ECF No. 93) and judgment (ECF No. 94) on the parties' cross motions for summary judgment. Based on the consent of the parties and for the reasons set forth below, the Court **GRANTS** the motion.

Guardian moved for summary judgment (ECF No. 72) on all claims in its first amended complaint (ECF No. 28). One claim was Guardian's quiet tax title action. (*See* Compl. ¶¶ 34–44.) Guardian sought a declaration from this Court that it holds "fee simple title to 714 Ocean Boulevard, Isle of Palms, SC 29451 (Parcel No. 568-11-00-222) (the "Property"), clear of Defendants' interests because the 2016 Charleston County Tax Sale was conducted according to state law." (Pl.'s Mot. Summ. J. at 1, ECF No. 72.) Among the interests in the Property that

1

Guardian sought to quiet were those of Ralph and Virginia Day ("the Days"), and the Bank of New York, as Trustee (the "Trustee").  (*Id.*)  The Court denied Guardian's motion for summary judgment in full, including its quiet title claim against the Days and the Trustee.  (Order, ECF No. 93.)  Guardian now seeks reconsideration or clarification of the Court's order to request that the Court clear the Property's title of any interests held by the Days and the Trustee.  *See* Fed. R. Civ. P. 59(e) and 60(a).   Specifically, Guardian argues that relief would be proper given the Court's order that that the Trustee is entitled to payment of the excess funds generated by the Tax Sale and that Charleston County properly conducted the Tax Sale according to law.

"A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e).  The motion is permitted "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice."  *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).  Courts also may correct "a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."  Fed. R. Civ. Pro. 60(a).  "Rule 60(a) is not confined just to fixing typographical and other clerical errors." *Sartin v. McNair Law Firm PA*, 756 F.3d 259, 261 (4th Cir. 2014).  It may also be used to correct "an unintended ambiguity that obfuscates the court's original intent."  *Id*. at 266.

After Guardian filed its consent motion to reconsider or clarify, the Court received an email from Virginia Day, wherein she asserts that she was not served with Plaintiff's complaint and that she "is in the process of filing a separate complaint related to the ultimate disposition" of the Property in the New Jersey courts. (ECF No. 97 at 1.) She also asks the Court to hold in abeyance its ruling on Guardian's consent motion to reconsider or clarify.

Guardian filed a reply to Ms. Day's letter, asserting that Ms. Day was properly served through counsel and asking the Court to proceed with consideration of the consent motion. (ECF No. 98.) Ms. Day filed a subsequent letter in response to Guardian's reply, reiterating her claims.

In the interest of fairness, the Court has held this matter in abeyance for more than nine months. After a thorough review of the record, however, and having heard nothing further from any party to this matter, the Court finds no merit to Ms. Day's assertions, and the Court ultimately agrees with Guardian that the intent of the Court's ruling was to confirm that Guardian owned the Property subject only to the IRS's federal tax lien. By virtue of the Court's order granting the IRS and the Trustees' motions for summary judgment, the Court intended to declare that the Days and the Trustee have no rights to the Property as a result of Charleston County's tax sale in accordance with law. Thus, the Court intended to grant *in part* Guardian's motion for summary judgment and the requested quiet title relief.

Therefore, the Court grants Guardian's consent motion to reconsider or clarify (ECF No. 96), and the Court amends its prior order (ECF No. 93) and judgment (ECF No. 94) to clarify that the Days and Trustee no longer hold interests in the Property. To that end, the Court grants in part Guardian's motion for summary judgment (ECF No. 72) and declares that Guardian holds marketable, fee simple title to the Property free of any interests of the Days and the Trustee, subject only to the federal tax liens held by the IRS. Thus, the Court grants judgment in this regard in favor of Guardian against the Days and the Trustee. All portions of the Court's prior order and judgment that do not conflict with this order remain unchanged, are reaffirmed by this order, and are specifically incorporated by reference.

**AND IS IT SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce Howe Hendricks
United States District Court Judge

February 11, 2021
Charleston, South Carolina